**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4517**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

 v.

TERRY LEE BETHEA,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:12-cr-00443-CCE-1)

Submitted:  November 20, 2013   Decided:  December 4, 2013

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Andrew C. Cochran, Special Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Lee Bethea pled guilty, pursuant to a plea agreement, to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012). The district court sentenced Bethea to forty-six months' imprisonment on the robbery count and a consecutive eighty-four months, the statutory mandatory minimum, on the § 924(c) brandishing count. Bethea timely appeals, arguing that the district court erred in applying a four-level enhancement for abduction, see U.S. Sentencing Guidelines Manual, § 2B3.1 (b)(4)(A) (2012), and that his sentence is unreasonable because it is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a) (2012). We affirm.

First, Bethea's offense level, derived from the robbery Guideline, was increased by four levels based on the abduction of two victims during the robbery. Bethea does not contest the district court's factual findings but argues that the facts do not support an application of the enhancement. However, as counsel concedes, our decision in United States v. Osborne, 514 F.3d 377 (4th Cir. 2008), forecloses any argument that moving employees from one part of a store to another does not constitute abduction. Because "[a] panel of this court cannot overrule . . . the precedent set by a prior panel of this

2

court," this argument fails. Watkins v. SunTrust Mortg., Inc., 663 F.3d 232, 241 (4th Cir. 2011) (internal quotation marks omitted).

Bethea next argues that his sentence is unreasonable. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must first "ensur[e] that the district court committed no significant procedural error," such as improperly calculating the Guidelines range, insufficiently considering the § 3553(a) sentencing factors and the parties' arguments, or inadequately explaining the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted).

If the sentence is free of significant procedural error, we review it for substantive reasonableness. Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a). In reviewing a sentence for substantive reasonableness, this court "examines the totality of the circumstances." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Such a

3

presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (2006) (internal quotation marks omitted). An appellate court will only reverse a sentence if it is unreasonable, even if the appellate court would have imposed a different sentence. United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008).

Bethea argues that he should have received a downward variance because the mandatory minimum sentence for brandishing punishes both the brandishing and the abduction. Further, Bethea contends that his sentence is greater than necessary to comply with the § 3553(a) factors because the abduction only constituted moving employees a short distance.

We conclude that Bethea's sentence is not unreasonable when measured against the § 3553(a) factors. The district court rejected Bethea's argument for a below-Guidelines sentence based on the four-level enhancement overstating the seriousness of the offense, noting that Bethea victimized two individuals during the robbery. See 18 U.S.C. § 3553(a)(2)(A), (C). Further, we simply disagree with Bethea's argument that the abduction enhancement and the brandishing conviction subjected him to double punishment for the same conduct. In light of the deference accorded the district court's exercise of its sentencing discretion, we conclude that Bethea has failed to

4

rebut the presumption of reasonableness accorded his within-Guidelines sentence. <u>Montes-Pineda</u>, 445 F.3d at 379.

Accordingly, we affirm Bethea's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>